IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARQUETTE BUSINESS CREDIT,  §
INC.,                        §
                             §
               Plaintiff,    §
                             § Civil Action No. 3:09-CV-1937-D
VS.                          §
                             §
AMERICA'S KITCHEN, INC.,     §
et al.,                      §
                             §
               Defendants.   §

MEMORANDUM OPINION
AND ORDER

Plaintiff's motion to remand requires the court to decide whether the removing defendant can satisfy the statutory requirement of unanimous consent to removal by challenging the propriety of service on a codefendant who the removing defendant was unaware had accepted service, who did not join in or consent to removal, and who has not consented to removal as of the date the court is deciding plaintiff's remand motion.  Concluding that the removing defendant cannot satisfy the unanimity rule, the court grants plaintiff's motion and remands this case to county court.[1]

I

This lawsuit involves a dispute over insurance proceeds and is brought by plaintiff Marquette Business Credit, Inc. ("Marquette") against defendants America's Kitchen, Inc. ("AKI") and The American Insurance Co. ("AIC").  Marquette made a loan to AKI and has a

_____

[1]As explained *infra* at § V, the court denies plaintiff's request for an award of attorney's fees and costs.

security interest in AKI's assets, including in the insurance policies for those assets. Following a series of robberies, AKI was partially reimbursed by its insurer, AIC. Marquette sued AKI and AIC in Dallas county court, alleging that it is entitled to recover past and future insurance payments from AIC.

On October 14, 2009 AIC filed a notice of removal removing the case to this court. In its notice of removal, AIC asserted that "AKI's consent to this removal is not required because AKI has not been served at the time this notice is filed." Notice of Removal 4, ¶ 12. The county court file contained no proof of service on AKI or any other evidence of an appearance by AKI.

Marquette moves to remand, contending that AKI had accepted service before the case was removed, did not join in or consent to removal, and does not now consent to removal. In support of its motion, Marquette relies on evidence that Marquette and AKI agreed under the terms of a September 10, 2009 letter that AKI would accept service of Marquette's original petition by mail and that this would be sufficient service of process. *See* P. App. 4. In exchange, Marquette agreed to extend AKI's answer date. *See id.* On September 28, 2009 AKI's President and Chief Executive Officer, John Geoghagan ("Geoghagan"), received the petition and signed the September 10, 2009 letter. *See id.* at 2.[2] AKI, through Geoghagan,

---

[2]It is undisputed that AIC was unaware of this agreement at the time it removed the case and represented to the court that AKI had not been served.

does not object to the validity of service of process.  *Id.* ("I do not now object and do not intend ever to object to the validity of service of process on [AKI].").  It "acknowledge[s] and agree[s] that [AKI] validly was served with process in the State Court Case on September 28, 2009."  *Id.*  And it affirmatively represents, again through Geoghagan, that it "[does] not now consent to removal of this case to federal court."  *Id.*  In sum, when AIC removed this case, AKI had already accepted service of process or at least had waived any objection to the propriety of service.  AKI did not then, nor does it now, challenge the validity of service or consent to removal.

    AIC opposes Marquette's remand motion, contending that AKI's joinder in, or consent to, removal is unnecessary because AKI has not been properly served with process under Texas law and that AKI has not yet entered an appearance.  AIC also posits that, even if AKI had been effectively served, AIC could still remove the case without AKI's joinder or consent because there was no record of service on AKI in the county court file and AIC was actually unaware at the time of removal that AKI had accepted service.

                                        II

    The right to remove a case from state court to federal court is statutory.  *See* 28 U.S.C. § 1441.  It is well settled that the removing party bears the burden of showing that removal is proper.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

                                      - 3 -

720, 723 (5th Cir. 2002).   "This burden extends to both the jurisdictional basis for removal and compliance with the requirements of the removal statute."   *Saldana v. S. Tex. Lighthouse for the Blind*, 2010 WL 519689, at *2 (S.D. Tex. Feb. 8, 2010).   The removal statute is strictly construed, and "any doubt as to the propriety of removal should be resolved in favor of remand."   *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).   "The federal removal statute, 28 U.S.C. § 1441, is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."   *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

The removal statute has been interpreted to require that all defendants properly joined and served at the time of removal join the notice of removal.   *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)).   This long-standing interpretation is often referred to as the "unanimity rule" or the "unanimous consent rule."   *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 375 (5th Cir. 2006) (referring to "unanimity rule"); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (referring to "unanimous consent rule").   "The rationale for this requirement is that a plaintiff should only be required to proceed against multiple defendants in one action."   *Sillas v. Sillas*, 2008 WL 755256, at *2

- 4 -

(N.D. Tex. 2008) (Fitzwater, C.J.) (internal quotation marks and citations omitted); *see also Chi. Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248 (1900) ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint." (internal quotation marks omitted)).

III

AIC relies on two principal arguments to excuse AKI's failure to join the notice of removal or to consent to removal: AKI was not properly served and has not entered an appearance, and, assuming that AKI was properly served, there was no need for AKI to join the notice of removal because there was no record of service on AKI in the county court file and AIC was actually unaware at the time of removal that AKI had accepted service.

Courts that have addressed such arguments are divided regarding what the unanimity rule requires. First, courts are split regarding the effect on the unanimity requirement of the removing defendant's ignorance that the non-removing defendant[3] has been properly served. Some have suggested or held that such ignorance cannot excuse compliance with the unanimity rule. *See Getty Oil*, 841 F.2d at 1263 n.12 (remanding to district court to determine whether removing defendant reasonably should have sought

---

[3]The court includes in the term "non-removing defendant" those defendants who neither join the notice of removal nor consent to removal at a time when the unanimity rule requires their joinder or consent.

consent of non-removing defendant when it was clear from face of state court petition that non-removing defendant was also being sued, even if removing defendant was ignorant about fact of service); *Wright v. Mo. Pac. R.R. Co.*, 98 F.2d 34, 36 (8th Cir. 1938) (remanding to state court even though plaintiff did not file summons in state court records to notify removing defendant of service on non-removing defendant). Others have made an exception for removing defendants who had no way of knowing of service on a non-removing defendant. *See Waffer v. City of Garland*, 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001) (Fish, J.) (holding consent to removal was unnecessary if official case file gave no indication that non-removing defendant had been served); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (holding that consent to removal was required only of defendants who removing defendant "actually knew or should have known had been served").[4]

Second, courts are divided concerning whether a removing defendant can forgo obtaining a codefendant's joinder or consent on the ground that service of process on the non-removing defendant was defective. Some have held that the removing defendant can establish that removal was proper by demonstrating that service of process on the non-removing defendant was ineffective. *See*

_____

[4]The court notes that, in both of these cases, there was no indication that the non-removing defendant objected to the federal forum, either at the time of removal or afterward.

*Sanderson v. Hyder*, 2007 WL 4403527, at *3 (N.D. Tex. Dec. 17, 2007) (Fish, J.) (concluding that consent to removal was not required because service of process on non-removing defendant was ineffective under Texas law); *Gibson Trucking, Inc. v. Allied Waste Indus., Inc.*, 2001 WL 1640095, at *4 (D. Minn. Nov. 2, 2001) (holding on removing defendant's challenge that service on non-removing defendant was ineffective).   Others have concluded that the removing defendant does not have "standing" to challenge collaterally the service of process on the non-removing defendant. *See Young Spring Wire Corp. v. Am. Guar. & Liab. Ins. Co.*, 220 F. Supp. 222, 227 (W.D. Mo. 1963) (concluding that removing defendant lacked standing to challenge service on non-consenting defendant). These courts point out that defects in service of process are waivable, which indicates that the right to be served with process is personal.   *See Seguros Comercial Am., S.A. de C.V. v. Am. President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996) (holding that removing defendant cannot complain about alleged deficiencies in service on non-consenting defendant); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F.Supp.2d 109, 122 (D. Mass. 2006) (same).   Under this approach, the removing defendant must secure the joinder or consent of every defendant who appears to have been served——even those who may have been improperly served——because the removing defendant cannot argue that joinder or consent is unnecessary based on the ineffectiveness of

service on another defendant, i.e., a defect that is waivable by the non-removing defendant.  The removing defendant's "objections to service of process on [the non-removing defendant] are not grounds for failing to secure [the non-removing defendant's] joinder in the removal notice."  *Seguros*, 934 F. Supp. at 245. Essentially, although service may not be effective for purposes of obtaining *in personam* jurisdiction over the defendant, it may be "'effective' for purposes of triggering the consent requirement of the rule of unanimity."  *In re Pharm. Indus.*, 431 F.Supp.2d at 121.

IV

To decide Marquette's remand motion, the court need not determine which line of cases it will follow in all possible contexts.  Instead, the court need only hold that the unanimity rule is not satisfied in the following circumstance: a non-removing codefendant waives any challenge to the validity of the service of process made on that defendant before the case was removed;[5] that codefendant does not join in or consent to removal; and, as of the date the court decides the plaintiff's motion to remand, that

---

[5]The court need not conclude that service was in fact valid, because AKI has waived any objection to the effectiveness of service.  Under Texas law, defective service can be waived by filing a general appearance.  *See, e.g., Bloom v. Bloom*, 935 S.W.2d 942, 947 (Tex. App. 1996, no writ) (holding that defective service can be and is waived by filing general appearance) (citing *Alcala v. Williams*, 908 S.W.2d 54, 56 (Tex. App. 1995, no writ)).  Under federal law, a challenge to insufficient process is waived if not asserted by proper motion or in a responsive pleading.  *See* Fed. R. Civ. P. 12(h)(1).  AKI has not challenged the effectiveness of service and has therefore waived any defect in service.

codefendant still has not joined in or consented to removal.  This result is faithful to the principle on which the unanimity rule rests, is consistent with the rights of non-removing defendants to oppose removal, and does not impose undue burdens on removing defendants.

The unanimity rule rests on the fundamental principle that a plaintiff should only be required to proceed against multiple defendants in one action.  *See Sillas*, 2008 WL 755256, at *2.  By remanding a removed case in which at least one defendant does not contest the effectiveness of service on it and has not joined in or consented to removal, the court ensures that the plaintiff is only obligated to proceed against multiple defendants in one action.

This result is also consistent with the rights of non-removing defendants.  Because defects in service of process are waivable, a non-removing defendant who desires to remain in state court can waive such defects and decline to join in or consent to removal.  Permitting the removing defendant to collaterally challenge service on the non-removing defendant as a means of excusing that defendant's joinder in or consent to removal would deprive the non-removing defendant of its right to remain in state court.  In fact, it is well established that each defendant has the right to insist on remaining in the state forum.[6]  For example, even if a defendant

---

[6]The court is not referring to defendants who have been improperly joined, as that doctrine is explained in cases like *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir.

is not served prior to removal, the non-removing defendant can still move to remand once it has been served. *See Getty Oil*, 841 F.2d at 1263 ("[I]f a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand."); *see also* 28 U.S.C. § 1448 (providing that, in removed cases, process can be served on unserved defendant, and defective service can be cured, after removal, but "[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."). If a defendant who is served after removal is entitled to seek a remand to state court after it has been served, it follows that a defendant on whom service has been attempted (albeit defectively) before removal is entitled to waive defective service and refuse to join in or consent to removal in the first place.

Finally, today's result is not unduly burdensome on removing defendants. Because the universe of defendants whose joinder or consent to removal is potentially necessary is determinable from the plaintiff's state court pleading, the removing defendant need only contact the other named defendants,[7] determine whether service

---

2004) (en banc).

[7]The court does not suggest that this obligation extends to defendants who have been improperly joined, as that doctrine is explained in cases like *Smallwood*.

- 10 -

has been attempted on them or otherwise effected (such as through acceptance of service), ascertain whether a particular defendant intends to challenge service, and secure the joinder in or consent to removal of all defendants as required by the unanimity rule. If the removing defendant does so, it has met the requirements of the unanimity rule. If the removing defendant cannot obtain the joinder or consent of a defendant who has been properly served (or who does not intend to challenge the effectiveness of service), removal is unavailable due to the inability to comply with the unanimity rule, not because of any perceived burden on the removing defendant.

And if, despite the removing defendant's efforts to contact the other defendants, it is still unaware that service has purportedly been made on a particular defendant, then once the plaintiff raises the issue in a motion to remand, the removing defendant can consult that non-removing defendant and determine whether that defendant will challenge service and oppose remand. If, as is the case here, the non-removing defendant does not intend to challenge service and oppose remand, thereby satisfying the unanimity rule, the removing defendant has no right to remain in federal court anyway due to the lack of unanimity, and the case must be remanded regardless of when the removing defendant learned of the non-removing defendant's position regarding removal. But if the non-removing defendant does challenge service and oppose

remand, the removing defendant is not unduly burdened by the necessity of consulting with that defendant after a remand motion has been filed.

In the present case, it is undisputed that Marquette's attempt to serve AKI by agreement occurred before AIC removed this case, that AKI has waived any challenge to the validity of such service, and that AKI did not join in or consent to removal at the time the case was removed and still does not consent to removal.  Thus AIC's attempt to remove the case does not comply with the unanimity rule, and this action must be remanded to county court.

V

Marquette moves for an award of attorney's fees and costs under 28 U.S.C. § 1447(c).  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  Here, in view of the split in authority on the pertinent questions, AIC had a reasonable basis to remove the case.  The court therefore denies Marquette's request for an award of attorney's fees and costs.

*     *     *

Marquette's November 11, 2009 motion to remand is granted because Marquette attempted to serve AKI by agreement before AIC

- 12 -

removed this case, AKI has waived any challenge to the validity of such service, AKI did not join in or consent to AIC's removal, and, as of the date of this court's decision on Marquette's motion to remand, AKI still does not join in or consent to removal. Accordingly, this case is remanded to County Court at Law No. 3 of Dallas County, Texas.   The clerk shall effect the remand in accordance with the usual procedure.

      **SO ORDERED.**

      April 28, 2010.


                          SIDNEY A. FITZWATER
                          CHIEF JUDGE